IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON KRUMBACK,<br><br>        Petitioner,<br><br>vs.<br><br>ALEX REYES,<br><br>        Respondent. | **4:24CV3100**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on correspondence dated May 20, 2024, from Petitioner Jason Krumback ("Petitioner") which the Court received on May 30, 2024, and docketed as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Filing No. 1.

Petitioner is an inmate currently confined in the South Dakota State Penitentiary serving a sentence pursuant to his conviction in South Dakota state court for witness tampering. Petitioner alleges he has a pending federal habeas action in the United States District Court for the District of South Dakota which that court "has failed to review," and he seeks to have his habeas case transferred to the District of Nebraska because he is a Nebraska native and believes a change of venue is warranted. Filing No. 1 at 1–2. The Court takes judicial notice of the records in *Krumback v. Fluke, et al.*, No. 4:23-cv-04155-KES (D.S.D.), which show that the U.S. District Court for the District of South Dakota entered an order on May 24, 2024, dismissing Petitioner's habeas petition without prejudice for failure to exhaust his state court remedies.

To the extent Petitioner seeks habeas relief in this Court, the Court lacks jurisdiction to entertain Petitioner's habeas petition. The Supreme Court has held that

"[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Here, Petitioner is plainly challenging his confinement in South Dakota pursuant to a conviction in South Dakota state court. Therefore, this Court does not have jurisdiction to entertain Petitioner's habeas petition.

Pursuant to 28 U.S.C. § 1631, a district court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which such action could have been brought. The Court finds that transfer is not appropriate here as Petitioner had a pending habeas matter in the U.S. District Court for the District of South Dakota at the time he submitted his petition to this Court, and his South Dakota federal habeas action has now been decided.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice for lack of jurisdiction. No certificate of appealability has been or will be issued.

2.     The Court will enter judgment by separate document.

Dated this 18th day of June, 2024.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon<br>
Senior United States District Judge